**REED SMITH LLP**
*Formed in the State of Delaware*
Diane A. Bettino, Esq.
Ethan R. Buttner, Esq.
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel (609) 987-0050
Fax (609) 951-0824

Attorneys for Defendants

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATO H. SPARKMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION; WELLS FARGO HOME MORTGAGE; AND WACHOVIA MORTGAGE, FSB,<br><br>    Defendants. | Civil Action No. 2:19-cv-02351-CCC-MF<br><br>DOCUMENT ELECTRONICALLY FILED |

### SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE

- i -

## **TABLE OF CONTENTS**

                                                                                                                 **Page**

PRELIMINARY STATEMENT ...........................................................................................1

LEGAL ARGUMENT..........................................................................................................1

I.      THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER THE *ROOKER-FELDMAN* DOCTRINE..........................................1

CONCLUSION ......................................................................................................................5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*District of Columbia Court of Appeals v. Feldman*,
    46 U.S. 462 (1983)..................................................................................................2

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280 (2005)................................................................................................2

*Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*,
    410 F.3d 17 (1st Cir. 2005).............................................................................3, 4, 5

*Malhan v. Secretary United States Department of State*,
    938 F.3d 453 (3d Cir. 2019) ............................................................................*passim*

*Rooker v. Fidelity Trust Co.*,
    263 U.S. 413 (1923)................................................................................................2

**Statutes**

28 U.S.C. § 1257...........................................................................................................2

# PRELIMINARY STATEMENT

On March 12, 2020, the Court entered an Order stating that Wells Fargo shall submit supplemental briefing on the limited issue of applying the *Rooker-Feldman* Doctrine as applied by the Third Circuit in *Malhan v. Secretary United States Department of State*, 938 F.3d 453 (3d Cir. 2019). *See* ECF No. 19. The Third Circuit's decision in *Malhan* confirms that the Amended Complaint ("AC") must be dismissed.

Plaintiff's AC falls squarely within the second category of cases established by the Third Circuit in *Malhan* as constituting a final judgment. Final Judgment of Foreclosure was entered in the Foreclosure Action. The Final Judgment of Foreclosure was affirmed by the New Jersey Appellate Division. Rather than timely seeking review from the New Jersey Supreme Court, Plaintiff filed this action in the District of New Jersey, thus ending the State Court action. As a result, and in light of the Third Circuit's clarification of the *Rooker-Feldman* Doctrine, Plaintiff's AC must be dismissed with prejudice.

# LEGAL ARGUMENT

I. **THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER THE *ROOKER-FELDMAN* DOCTRINE**

Plaintiff's AC is barred by the application of the *Rooker-Feldman* Doctrine. The *Rooker-Feldman* Doctrine stands for the proposition that federal courts lack subject matter jurisdiction to review and reverse judgments rendered by state courts.

*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 46 U.S. 462 (1983); *see also* 28 U.S.C. § 1257 (conferring certiorari power solely upon the United States Supreme Court).  The Third Circuit recently clarified what constitutes a state court judgment in *Malhan v. Secretary United States Department of State*, 938 F.3d 453, (3d Cir. 2019).

That matter arose out of a family law dispute pending before the New Jersey Superior Court.  *Malhan*, *supra*, 938 F.3d at 455.  There, the Plaintiff filed suit in the District of New Jersey, in part, challenging interlocutory orders requiring him to pay child support.  *Id.* at 456.  The District Court dismissed the Plaintiff's Second Amended Complaint, finding that it lacked subject matter jurisdiction under the *Rooker-Feldman* Doctrine.  *Id.*  On Appeal, the Third Circuit affirmed in part and reversed in part after finding that the Plaintiff was entitled to federal court review of some of his claims, as the State Court proceeding had not concluded.  *Id.*

In *Malhan*, the court explained that the *Rooker-Feldman* Doctrine is confined "'to cases of the kind from which [it] acquired its names: [1] cases brought by state-court losers; [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced; and [4] inviting district court review and rejection of those judgments.'" *Id.*, quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In determining when a judgment is final under the second element of the *Rooker-Feldman* Doctrine, the Third Circuit adopted the First Circuit's approach as set forth in *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17 (1st Cir. 2005). Under that test, three situations produce a *Rooker-Feldman* final judgment. The first is when "the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved." *Malhan*, *supra*, 938 F.3d at 459, *quoting Federacion*, *supra*, 410 F.3d at 24. Under such circumstances, the Supreme Court has exclusive jurisdiction.

The second situation is when "'the state action has reached a point where neither party seeks further action.'" *Id.* "An example is when a lower state court 'issues a judgment and the losing party allows the time for appeal to expire.'" *Id.* In this instance, there is usually not "'an appealable final judgment or decree rendered by the highest court of a State in which a decision could be had under § 1257.'" *Id.* Under these circumstances, however, there has been a *Rooker-Feldman* judgment because the state proceeding has ended. *Id.* Lower courts will not review any proceedings that have ended when the Supreme Court itself lacks jurisdiction, such as when a party misses its state's independent and adequate appeal deadline. *Id.* at 461.

Lastly, the Third Circuit provided that there is a final judgment when a state court proceeding has "'finally resolved all the federal questions in the litigation,'

- 3 -

even though 'state law or purely factual questions (whether great or small) remain to be litigated.'" *Id.* at 459-460, *quoting Federacion*, *supra*, 410 F.3d at 25. Adopting this three pronged approach, the Third Circuit provided that *Rooker-Feldman* does not apply when state proceedings have neither ended nor led to an order reviewable by the United States Supreme Court.

Plaintiff's AC in this matter complains of a final judgement under the second category of cases established in *Malhan*. The Foreclosure Action was filed by way of Complaint on February 8, 2012. *See* ECF No. 12-3. Final Judgment of Foreclosure was entered by the Hon. Harriet Farber Klein, P.J.Ch., on June 28, 2016. *See* ECF No. 12-8. Thereafter, the New Jersey Appellate Division affirmed the Final Judgment of Foreclosure on November 1, 2018. *See* ECF No. 12-11. Under R. 2:12-3(a), Plaintiff had twenty (20) days from the date of the Appellate Division's affirmance to file a notice of petition for certification to the New Jersey Supreme Court: November 21, 2018. Plaintiff did not seek review from the New Jersey Supreme Court, and instead, filed this Complaint on January 30, 2019. *See* ECF No. 1.

Thus, Plaintiff's AC falls squarely within the second category of cases which constitute a final judgment for purposes of the application of the *Rooker-Feldman* Doctrine established by the *Malhan* Court. This is a case where "'the state action has reached a point where neither party seeks further action[,]'" because the New

- 4 -

Jersey Appellate Division "issue[d] a judgment and the losing party allow[ed] the time for appeal to expire." *Malhan*, *supra*, 938 F.3d at 459, *quoting Federacion*, 410 F.3d at 24. There is no appealable "final judgment" rendered by the New Jersey Supreme Court in this matter, however, "under these circumstances there is a *Rooker-Feldman* 'judgment' because the state proceeding has 'ended.'" *Id.*

Thus, in light of the Third Circuit's clarification of the *Rooker-Feldman* Doctrine, Plaintiff's AC is barred. As the Third Circuit provided in *Malhan*, "federal district courts are not amenable to appeals from disappointed state court litigants." As a result, Plaintiff's AC must be dismissed under the *Rooker-Feldman* Doctrine, as this Court lacks subject matter jurisdiction.

Even if the Court determines that the *Rooker-Feldman* Doctrine does not warrant the dismissal of Plaintiff's AC, the AC must still be dismissed under the Entire Controversy Doctrine, the *Younger* Doctrine, the *Colorado River* Abstention Doctrine, *res judicata*, and collateral estoppel. Moreover, even if none of these doctrines apply, Plaintiff's AC still fails to state a single viable claim.

## CONCLUSION

For all of the reasons stated herein, as well as those set forth in the Motion to Dismiss and Reply Brief, Wells Fargo respectfully requests that the Court grant its Motion to Dismiss with prejudice.

- 6 -

                                          **REED SMITH LLP**

Dated:  April 17, 2020                *s/ Ethan R. Buttner*
                                          Ethan R. Buttner, Esq.