NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATO H. SPARKMAN,<br><br>     Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION, *et al.*,<br><br>     Defendants. | Civil Action No.: 19-cv-2351<br><br>**OPINION** |

**CECCHI**, **District Judge.**

This matter comes before the Court by way of Wells Fargo Bank National Association ("Wells Fargo"), Wells Fargo Home Mortgage, and Wachovia Mortgage FSB's (collectively, "Defendants") motion to dismiss (ECF No. 32) plaintiff Ato H. Sparkman's ("Plaintiff") Amended Complaint (ECF No. 7). Plaintiff opposed Defendants' motion (ECF No. 36), and Defendants replied (ECF No. 37). The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion to dismiss is granted.

**I.   BACKGROUND**

This action arises out of the foreclosure on Plaintiff's home at 101 Burchard Avenue, East Orange, New Jersey. After failing to overturn the foreclosure in state court, Plaintiff now attempts to challenge the foreclosure in this federal Court.

### A. Factual Background[1]

On November 30, 2007, Plaintiff entered into a $275,000 fixed rate mortgage with Wells Fargo, secured by Plaintiff's home in East Orange, New Jersey. ECF No. 7 at ¶¶ 1, 10; ECF No. 12-3. Plaintiff defaulted on the mortgage on February 1, 2011, and due to this default, Wells Fargo moved for foreclosure in New Jersey Superior Court, Chancery Division on February 8, 2012. ECF No. 7 at ¶ 21; ECF No. 12-3.

In the foreclosure action, after Wells Fargo moved for summary judgment, Plaintiff filed a cross-motion for summary judgment, arguing, among other things, that: 1) Wells Fargo was not the rightful holder of the mortgage and thus had no standing to bring a foreclosure action against Plaintiff; and 2) the loan never was in default. ECF No. 12-4. On September 4, 2014, the Chancery Division granted Wells Fargo's motion for summary judgment, denied Plaintiff's cross motion for summary judgment, and struck Plaintiff's answer and affirmative defenses with prejudice. ECF No. 12-5. The Chancery Division also permitted Wells Fargo to move for a final judgment of foreclosure. *Id.* After denying Plaintiff's motion to vacate the summary judgment decision on July 29, 2015 (ECF No. 12-7), the Chancery Division entered a final judgment of foreclosure in favor of Wells Fargo on June 28, 2016. ECF No. 12-8. In granting final judgment, the court found that Wells Fargo was the proper owner of the mortgage, and, as such, was entitled to $416,147.61. *Id.* Moreover, the court ordered a sheriff's sale of Plaintiff's home to satisfy the debt. *Id.* The New Jersey Appellate Division affirmed the final judgment of foreclosure on November 21, 2018. ECF No. 12-11. Plaintiff did not appeal the Appellate Division's decision to the New Jersey Supreme Court, and his time to do so has expired. *See* R. 2:12-3(a) (requiring that an appeal to New Jersey Supreme Court be taken within 20 days from entry of Appellate Division decision).

---

[1] The following facts are accepted as true for the purposes of the instant motion.

Plaintiff commenced this action in federal court on January 30, 2019 (ECF No. 1), and filed his Amended Complaint on August 3, 2019 (ECF No. 7). In his Amended Complaint, Plaintiff alleges that Defendants engaged in fraudulent and unconscionable practices related to his mortgage. Specifically, he alleges that Defendants forged Plaintiff's signature on mortgage documents, allowing them to convert Plaintiff's mortgage into a mortgage-backed security. *See, e.g.*, *id.* at ¶¶ 12–16.  Further, Plaintiff asserts that Defendants engaged in fraud, deliberately mispresenting that Wells Fargo was the mortgage holder when it was purportedly only the loan servicer. *Id.* at ¶¶ 17–20. In addition, Plaintiff contends that Defendants made misrepresentations regarding whether his mortgage was transferred or sold from Wells Fargo to another mortgage company. *Id.* at ¶¶ 27–32.

The Amended Complaint contains the following causes of action: violations of New Jersey civil RICO, N.J.S.A. §§ 2C:41-1 et seq., and federal civil RICO, 18 U.S.C. § 1962(c) (Count 1); violation of the New Jersey Consumer Fraud Act, N.J.S.A § 56:8-2 (Count 2); violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Count 3); violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (Count 4); continual acts of fraud (Count 5); unjust enrichment (Count 6); negligent misrepresentation (Count 7); fraudulent concealment (Count 8); constructive fraud (Count 9); civil aiding and abetting (Count 10); willful and wonton gross negligence (Count 11); civil conspiracy to defraud (Count 12); unlawful conversion (Count 13); loss of consortium (Count 14); defamation (Count 15); violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ("RESPA") (Count 16); quiet title (Count 17); and declaratory relief pursuant to N.J.S.A. § 12A:3-305 (Count 18). On February 25, 2022, Defendants filed the instant motion to dismiss the Amended Complaint. ECF No. 32. On April 4, 2022, Plaintiff filed a brief in opposition (ECF No. 36), to which Defendants replied on April 11, 2022 (ECF No. 37).

## II.  DISCUSSION

As explained further below, the Court finds that all Counts except Count 16, Plaintiff's RESPA claim, are barred under the jurisdictional doctrine of *Rooker-Feldman*. To the extent Plaintiff's claims survive *Rooker-Feldman*, the Court further finds that all of Plaintiff's claims, including Count 16, are precluded pursuant to New Jersey's Entire Controversy Doctrine.[2] Accordingly, Plaintiff's Amended Complaint is dismissed, and Defendants' motion is granted.

### A.  Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine precludes "lower federal court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts." *Parkview Assocs. Pshp. v. City of Leb.*, 225 F.3d 321, 325 (3d Cir. 2000) (quoting *Gulla v. North Strabane Township*, 146 F.3d 168, 171 (3d Cir. 1998)). The doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citation omitted). Each of these factors are met here as to all of Plaintiff's claims except for Count 16.

Beginning with the first and third factors, Plaintiff lost his state court proceeding, and final judgment was rendered in state court before Plaintiff initiated this action on January 30, 2019. For

---

[2] Defendants additionally argue that Plaintiff's claims are barred by the *Younger* Doctrine, the *Colorado River* Doctrine, *res judicata*, and collateral estoppel, and that Plaintiff fails to state a claim upon which relief can be granted. *See generally* ECF No. 32. While the Court notes that Plaintiff's pleadings contain numerous deficiencies, because it finds that dismissal is appropriate due to the absence of subject matter jurisdiction under *Rooker-Feldman* and by application of the Entire Controversy Doctrine, the Court need not reach Defendants' additional arguments. *See Petraglia v. U.S. Bank, N.A.*, No. 17-6325, 2018 WL 355146, at *4 (D.N.J. Jan. 9, 2018); *Sheldrick v. Wells Fargo Bank, N.A.*, No. 16-2797, 2016 WL 7325473, at *5 n.6 (D.N.J. Dec. 16, 2016).

purposes of *Rooker-Feldman*, a judgment is final where a "lower state court 'issues a judgment and the losing party allows the time for appeal to expire.'" *Malhan v. Sec. U.S. Dep't St.*, 938 F.3d 453, 459 (3d Cir. 2019) (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005)). Here, the New Jersey Appellate Division affirmed the Chancery Division's issuance of a final judgment of foreclosure against Plaintiff on November 21, 2018. Plaintiff did not seek certiorari with the New Jersey Supreme Court. Accordingly, final judgment had been rendered against Plaintiff before he filed his complaint in federal court, in satisfaction of factors one and three. *Kamden-Ouaffo v. Colgate Palmolive Co.*, No. 15-cv-7902, 2021 WL 321418, at *4 (D.N.J. Jan. 31, 2021); *Damiani v. Wells Fargo*, No. 16-cv-8484, 2018 WL 1731347, at *5 (D.N.J. 2018).

Further, the second factor is fulfilled because Plaintiff complains about injuries caused by the final judgment of foreclosure entered against him. Specifically, Plaintiff alleges, in contravention of findings made during the state court proceedings, that he never defaulted on his loan (*see, e.g.,* ECF No. 7 at ¶ 132), and, in any event, Defendants had no right to foreclosure on the property as they were not the legal owners of the mortgage (*see e.g., id.* at ¶ 13). Such allegations constitute complaints about injuries purportedly caused by the state court foreclosure action and satisfy factor two. *See Gage v. Wells Fargo Bank, N.A.*, 521 F. App'x 49, 51 (3d Cir. 2013); *Ojo v. Hudson Cnty. Sav. Bank, FSB*, No. 19-cv-16200, 2021 WL 3732882, at *4 (D.N.J. Aug. 24, 2021).

Finally, the fourth factor is met as to all claims except Count 16 because Plaintiff is inviting this Court to review and reject various aspects of the state court judgment. Courts in the Third Circuit have held that the fourth *Rooker-Feldman* requirement is satisfied in the context of foreclosure where a ruling in favor of plaintiff would expressly or implicitly render the note or

mortgage, the default, or the defendant's right to foreclose invalid. *See In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009); *Ezell v. JPMorgan Chase Nat'l Ass'n*, No. 18-cv-1407, 2020 WL 525899, at *5 (D.N.J. Jan. 31, 2020) ("[C]ourts in this district have consistently found that the *Rooker-Feldman* doctrine prohibits claims in a federal action that challenge the validity of the mortgage or the right to foreclose."). Here, a ruling in Plaintiff's favor on any of his claims in Counts 1–15, 17, or 18 will render the mortgage and/or Defendants' right to foreclose invalid. *See In re Madera*, 586 F.3d at 232; *Ezell*, 2020 WL 525899, at *5. Specifically, in Counts 1, 2, 5–13, 17, and 18, Plaintiff's allegations sound in fraud, misrepresentation, and conversion. These claims hinge on Plaintiff's assertion that the mortgage and subsequent procedures to foreclose on Plaintiff's property constitute a "fraud in factum" that was "illegal" and "unlawful." *See, e.g.*, ECF No. 7 at ¶¶ 13–23, 33, 36, 38. Moreover, in these Counts, Plaintiff contends that the "character, legality, ownership, and possession of the mortgage transaction" are in dispute. *Id.* ¶¶ 109–121. The core of these claims is the validity of the Chancery Division's final judgment of foreclosure, and thus represent the kind of "attack on the state court judgment of foreclosure" which the *Rooker-Feldman* doctrine is meant to prevent. *Ojo*, 2021 WL 3732882, at *5 (quoting *Willoughby v. Zucker, Goldberg & Ackerman, LLC*, No. 13-cv-7062, 2014 WL 2711177, at *4 (D.N.J. Jun. 16, 2014)).

      Further, in Counts 3, 4, 14, and 15, Plaintiff indirectly challenges the validity of the state court final judgment. In particular, in Counts 3, 4, and 15, Plaintiff alleges that Defendants published false information regarding his default and the existence of the foreclosure to various entities, including credit and collection agencies. However, to rule on whether information regarding the mortgage was false or constitutes a misrepresentation would potentially disrupt the state court decision because it would require the Court to assess whether Plaintiff in fact did default

6

and whether the foreclosure was lawful. *Laychock v. Wells Fargo Home Mortg.*, No. 07-cv-4478, 2008 WL 2890962, at *4 (E.D. Pa. July 23, 2008) (finding *Rooker-Feldman* barred claims related to the publishing of information related to a foreclosure), *aff'd sub nom.*, *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716 (3d Cir. 2010); *see also Easley v. New Century Mortg. Corp.*, 394 F. App'x 946, 948 (3d Cir. 2010) (applying *Rooker-Feldman* to all claims that rely on the implication that the state foreclosure judgment was invalid, including plaintiff's claim regarding the damage to her credit rating that was caused by the foreclosure at issue). And moreover, to the extent Plaintiff asserts a loss of consortium in Count 14, this too relies on the status of the debt and foreclosure, as Plaintiff claims that Defendants' efforts to collect an "unlawful debt" are the catalyst for harm to a familial relationship. ECF No. 7 at ¶ 127; *Bowen v. Bank of Am., N.A.,* No. 14-cv-3531, 2015 WL 1968974, at *4 (D.N.J. Apr. 30, 2015) (applying *Rooker-Feldman* where federal adjudication of the claim "'pull[s] the thread that [would] unravel the [] fabric of the state court's order.'") (quoting *Walker v. Horn*, 385 F.3d 321, 332 (3d Cir. 2004)). Accordingly, Plaintiff's claims in Counts 1–15, 17, and 18 are jurisdictionally barred by *Rooker-Feldman*.

However, Count 16, Plaintiff's RESPA claim, is not barred by *Rooker-Feldman*. Plaintiff alleges that he submitted a proper application to modify his mortgage consistent with RESPA's requirements. ECF No. 7 at ¶¶ 143, 146. Moreover, Plaintiff alleges that Defendants failed to adequately review his loan modification application and also failed to provide Plaintiff with a response regarding the application, as is required pursuant to RESPA. *Id.* at ¶¶ 141–142. Plaintiff claims that Defendants did not comply with REPSA, and, thus, should not have proceeded with the sheriff's sale. *Id.* at ¶ 146. These allegations—which Defendants contest and argue are subject to dismissal on a number of grounds (*see* note 3 *infra*)—do not call into question the validity of the state foreclosure decision, but instead complain of Defendants' allegedly wrongful conduct

7

regarding the modification application. Indeed, if Plaintiff were to prevail on his RESPA claim, it would not upset the state court judgment; it would only find Defendants liable for failing to properly consider and respond to Plaintiff's request for a loan modification. *See, e.g.*, *Vazquez Rodriguez v. Wells Fargo Bank, N.A.*, No. 18-cv-7959, 2019 WL 1529846, at *3 (D.N.J. Apr. 9, 2019) (finding *Rooker-Feldman* did not bar a RESPA claim related to a clerical error in the mortgage documents); *Siljee v. Atl. Stewardship Bank*, No. 15-cv-1762, 2016 WL 2770806, at *5 (D.N.J. May 12, 2016) (finding that RESPA claim for failure to respond to a qualified written request not barred by Rooker-Feldman). Accordingly, Count 16 is not barred by *Rooker-Feldman*.

In sum, Plaintiff's allegations in all Counts except Count 16 either expressly or implicitly attack the validity of the state court's final judgment of foreclosure against Plaintiff, and, as a result, are barred by the *Rooker-Feldman* doctrine.

### B. Entire Controversy Doctrine

Insofar as Plaintiff's claims survive *Rooker-Feldman*, all his claims, including Count 16, are precluded under New Jersey's Entire Controversy Doctrine.

Under the Entire Controversy Doctrine, the Court cannot hear any claims that were brought or could have been brought in a previous action arising out of the same transaction or occurrence. *Zahl v. Warhaftig*, 655 F. App'x 66, 76 (3d Cir. 2016); *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008). "The application of the entire controversy doctrine turns on three criteria: '(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.'" *Lee v. Ocwen Loan Servicing, LLC*, No. 17-cv-3800, 2018 WL 935426, at *3 (D.N.J. Feb. 15, 2018) (citations omitted). The Entire Controversy Doctrine applies to foreclosure proceedings, but extends only to

claims "germane" to the foreclosure suit. *See In re Mullarkey*, 536 F.3d at 228 (citing *Leisure Tech.-ne v. Klingeil Holding Co.*, 349 A.2d 96, 97 (N.J. 1976)); N.J. Ct. R. 4:64-5. In the foreclosure context, germane claims are those "arising out of the mortgage transaction which is the subject matter of the foreclosure action." *Leisure Tech.-Ne.*, 349 A.2d at 98; *see also Coleman v. Chase Home Fin., LLC ex rel. Manhattan Mortg. Corp.*, 446 F. App'x 469 (3d Cir. 2011).

Here, all factors are met. Specifically, the foreclosure proceedings, a prior state court action, concluded with a final judgment on the merits and thus the first condition of the Entire Controversy Doctrine is satisfied. *See Rogers v. Rushmore Loan Mgmt. Servs., LLC*, No. 20-cv-13084, 2021 WL 1921586, at *2 n.1 (D.N.J. May 13, 2021) (collecting cases) ("[E]ntry of a final judgment in a foreclosure action has been found to constitute a judgment that is valid, final, and on the merits for the purposes of applying the entire controversy doctrine.") (quotations and citations omitted)).

Further, the second condition is met because the Defendants are in privity. *See* ECF No. 7 at ¶¶ 1–4, 18, 20; *see also King v. Wells Fargo Bank, N.A.*, No. 18-cv-11316, 2018 WL 6522917, *2 n.3, *4–*5 (D.N.J. Dec. 12, 2018) (applying the entire controversy doctrine to claims levied against the same Defendants named in the instant action).

Moreover, factor three is met as to all Counts. A claim challenging the validity of the underlying loan in a foreclosure action is considered germane and subject to the Entire Controversy Doctrine. *Bank of N.Y. v. Ukpe*, No. 09-cv-1710, 2009 WL 4895253, at *7 (D.N.J. Dec. 9, 2009); *see also Forcellati v. PHH Mortg. Corp.*, No. 18-cv-1118, 2018 WL 6178867, at *5 (D.N.J. Nov. 26, 2018). As noted above, Counts 1–15, 17, and 18 relate to the validity of the Chancery Division's final judgment of foreclosure. Accordingly, they were germane to the state proceeding and are precluded by the Entire Controversy Doctrine. *Zebrowski v. Wells Fargo Bank, N.A.*, No.

9

07-cv-05236, 2010 WL 2595237, at *16 (D.N.J. June 21, 2010) (citing *Assocs. Home Equity Servs., Inc. v. Troup*, 343 N.J. Super. 254 (App. Div. 2001)); *see also Ojo*, 2021 WL 3732882, at *5.

Finally, while Count 16 does not contest the validity of the final judgment, it is nevertheless still barred by the Entire Controversy Doctrine because the allegations therein are also germane to the state foreclosure proceeding. Courts in this district have found that in foreclosure cases germane claims include "[c]laims that loan servicers violated their statutory duties under RESPA." *Collas v. Wells Fargo Bank, N.A.*, No. 17-cv-11866, 2018 WL 6499706, at *4 (D.N.J. Dec. 11, 2018); *see also Vazquez Rodriguez v. Wells Fargo N.A.*, 2019 WL 1529846, at *4–*5 (D.N.J. Apr. 9, 2018); *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540 (D.N.J. 2017). And, here, Plaintiff has advanced such a claim. As noted above, Plaintiff alleges in Count 16 that Defendants violated their duties under RESPA by failing to adequately respond to Plaintiff's application to modify his mortgage, and further, by holding a sheriff's sale of Plaintiff's property while the application purportedly remained pending. ECF No. 7 at ¶¶ 139–147. Accordingly, Count 16 is germane to the state foreclosure action, and is thus barred by the Entire Controversy Doctrine.[3] *Collas*, 2018 WL 6499706, at *5.

---

[3] The Court notes that claims "unknown, unripened or unaccrued at the time of the original action" are not barred by the Entire Controversy Doctrine. *Vazquez Rodriguez*, 2019 WL 1529846, at *5 (citation omitted). Based on the Amended Complaint, it is not clear whether the loan modification application forming the basis of Plaintiff's RESPA claim was submitted during or after the pendency of his state court litigation. *Compare* ECF No. 7 at ¶ 24 (alleging Plaintiff attempted to modify his loan in 2012)*, with id.* at ¶ 37 (alleging Plaintiff attempted to modify his loan after the New Jersey Appellate Division decision affirmed the foreclosure). To the extent the application was submitted after the conclusion of his state court proceedings, the Court finds that Count 16 must still be dismissed as Plaintiff has failed to adequately plead his RESPA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, while Plaintiff avers that Defendants failed to respond adequately to his application, Plaintiff acknowledges that Defendants reviewed his application and requested additional information. ECF No. 7 at ¶ 144. Moreover, Defendants have provided a certification which includes a copy of a trial period plan. ECF No. 12-12. Thus, the

### III.    CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss (ECF No. 32) Plaintiff's Amended Complaint (ECF No. 7) is granted. An appropriate Order accompanies this Opinion.

DATED: September 23, 2022

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**

---

record belies Plaintiff's assertions that Defendants did not respond to his request. Accordingly, without additional facts surrounding the application, Plaintiff's allegations are insufficient to sustain his RESPA claim. *See Lockhart v. United States Bank Nat'l Ass'n*, No. 16-cv-4398, 2017 WL 2709563, at *6 (D.N.J. Jun. 22, 2017) (finding allegations that defendants violated RESPA by failing to respond to modification requests without additional details regarding the circumstances surrounding the lack of response insufficient to support a RESPA claim).